NUMBER 13-01-299-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 



DAVID ESCOJIDO, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 377th District Court of Victoria County, Texas.

 



MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Garza



 Appellant, David Escojido, seeks a new trial regarding his conviction for aggravated assault on the grounds that the State
failed to comply with its plea agreement not to recommend a specific punishment to the trial court. Specifically, appellant
claims that he is entitled to a new trial because during the sentencing phase of his trial, the prosecution told the judge that
the evidence worked against giving appellant community supervision. We affirm.

 Before accepting appellant's plea of guilty, the trial court advised appellant of his rights and asked if there was a plea
bargain, to which the prosecution responded, "[Yes], we're not going to recommend a specific punishment - specific
number of years, your Honor." After accepting appellant's guilty plea, the trial court heard evidence on the issue of
appellant's punishment. In its closing argument, the State argued that the evidence did not support giving appellant
community supervision instead of a prison sentence. Appellant's trial counsel did not object to the State's argument, and
appellant was given ten years imprisonment and a fine of $1,500.00. Subsequently, appellant filed a motion for new trial
on the grounds that the prosecution violated the terms of the plea agreement. The trial court denied the motion, and
appellant now asks us for the same relief. 

 Appellant cites Ricketts v. Adamson, 483 U.S. 1 (1987), for the proposition, "A plea bargain agreement is a constitutional
contract and must be construed in light of the rights and obligations created by the constitution." Although we do not view
the quoted language as objectionable, we note that it comes from Justice Brennan's dissent and not from the majority
opinion in Ricketts. Id. at 16. More importantly, however, we find Ricketts uninstructive in deciding the merits of
appellant's particular case because Ricketts dealt with a defendant's (and not the State's) breach of a plea agreement. See id.
at. 3-6. Specifically, Ricketts involved an agreement under which the defendant was to plead guilty and testify against his
co-conspirators in exchange for a shorter prison sentence than he (presumably) would have otherwise received. Id. After
the court sentenced him pursuant to the plea agreement, the defendant reneged on his promise to testify in the re-trial of his
co-conspirators. Id. For that reason, the State rejected the plea agreement and charged the defendant with first degree
murder, which the defendant subsequently claimed violated his constitutional freedom from double jeopardy. Id. The
Supreme Court disagreed with the defendant, holding that the State's action did not amount to double jeopardy. Id. Thus,
while the majority's holding in Ricketts does not necessarily conflict with the language quoted from Justice Brennan's
dissent, neither provides us guidance because in this case, appellant has not made any specific constitutional challenges to
the plea agreement. 

 Rather than challenging the constitutionality of the plea agreement, appellant claims that the State violated its terms. 
Specifically, appellant argues that the State promised not to recommend a specific sentence and that its recommendation
that appellant receive prison time rather than community supervision amounts to a recommendation of a specific sentence. 
We disagree. 

 Appellant misstates the terms of the plea agreement as expressed in the explicit exchange that occurred during the
punishment hearing. At that time, the prosecution told the court, "We're not going to recommend a specific punishment -
specific number of years, your Honor." Appellant indicated that he understood the State's terms. Immediately after they
were given, the trial court asked him, "Mr. Escojido, is that the plea bargain agreement as you understand it," and appellant
responded, "Yes, sir." From this verbal exchange, we see no reason to conclude that the State agreed not to recommend
prison time over community supervision.

 In looking at the "admonishment document" signed by appellant prior to making his plea of guilty, we see that the trial
court advised appellant in writing that the range of punishment for second-degree aggravated assault is a "term of not more
than 20 years or less than 2 years; and in addition, a fine . . . not to exceed $10,000." None of the documents signed by
appellant prior to the court's acceptance of his guilty plea contradict the verbal exchange detailed in the preceding
paragraph. In short, appellant has not pointed to any evidence upon which we can conclude that the prosecution breached
the plea agreement by recommending that the trial court give appellant a prison sentence. 

 We overrule appellant's sole issue on appeal and affirm the trial court's judgment. 

________________________

DORI CONTRERAS GARZA

Justice

 

Do not publish.

Tex.R.App.P. 47.2(b)

Opinion delivered and filed

this 22nd day of May, 2003.